[L. A. No. 14001. In Bank.—June 29, 1933.]

GERARD REMINGTON, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Gerard Remington, *in pro. per.*, and Chas. A. Son for Petitioner.

Philbrick McCoy for Respondent.

PRESTON, J.—Review of disciplinary proceedings had against petitioner by The State Bar. No legal question is presented. Our sole task is to pass upon the weight of the evidence to establish the guilt or innocence of petitioner in order to determine what penalty, if any, should be imposed upon him.

The notice to show cause contained thirty-six respective charges of misconduct against petitioner growing out of his connection with various peculiar transactions and enterprises, conducted largely by his associates and others, including charges relating to the aiding and abetting of one Stevens, and United Adjustment Association, both unlicensed, to practice law in connection with the claims of certain minors for personal injuries received as the result of an automobile accident.

These various charges were heard at length before local administrative committee number five for the county of Los Angeles. Voluminous evidence was received. At the conclusion of the hearing, the committee found to be true only those charges relating to the so-called "ambulance chasing" matter; that is, the committee found that petitioner did aid and abet said unlicensed persons to practice law and as a result of their activities accepted professional employment on behalf of the said several claimants and later remunerated said unlicensed persons for obtaining said employment. Summing up the result of its investigation, the committee found "from a great mass of testimony introduced, that the accused allowed himself to be interested in a large number of questionable business enterprises, and that undoubtedly

many persons . . . alleged to have been defrauded out of money, did actually lose considerable sums of money in these various enterprises, largely through the representations of other persons associated in the enterprises in which the accused associated himself'', but the committee further stated that it was unable to find that the representations causing such losses were made directly by the accused or that the accused conspired with any of his business associates to make fraudulent representations and cause losses to the various investors or that the accused acted in his capacity as an attorney, save with respect to said single and isolated case of ''ambulance chasing''. Further, with respect to that case, the committee found that accused had not prior thereto nor has he since engaged in similar practices and although he directly violated the rules of professional conduct in that particular matter, he acted fairly with respect to the claims of the parties involved. Upon these findings the committee recommended that the accused be privately reprimanded for his conduct in connection with said ''ambulance chasing'' charges.

Thereafter further proceedings were had and the cause was submitted to the Board of Governors of The State Bar. That body approved and adopted the first thirty-six findings of the local committee, but, in connection with the prosecution of the claims of said minors for damages for personal injuries, it further found that, in collusion with said unlicensed persons, and by obtaining the appointment of said Stevens as guardian *ad litem,* entering into a settlement agreement with the insurer and thereafter dismissing the first court action and commencing a new action in the municipal court wherein judgment was entered for the same amount as the agreed settlement, and satisfied, all sums remaining after payment of expenses and fees being distributed to said minors, petitioner and Stevens acted knowingly with the intent and with the effect of taking into their own hands the fixing of fees and allowances to be paid as against said minors, thus depriving the court of its supervisory control of said matter. Further the Board of Governors found that ''fraudulent transactions of the respondent's associates extended over a period of years; that respondent received profits from some of these transactions; that when the transactions were attacked by arrests and

otherwise, he defended his associates and arranged settlements for them; that he must have acquired knowledge of the character of the operations they were carrying on, and that he nevertheless continued his business relations with them". In conclusion it was recommended that petitioner be disbarred.

We have examined this record with greatest care and thoroughness. But we are unable to say that the evidence adduced is of sufficient strength to support an order of disbarment. Indeed, it is unfortunate, if there be any sound basis for the numerous accusations made against petitioner, that the extent of his participation in the enterprises of his associates was not more fully ascertained and that the fraudulent and wrongful acts on his part so broadly hinted were not brought into the full light of day.

Under the record as it now stands, we find ourselves in accord with the findings and conclusions of the local committee. It is, therefore, hereby ordered that the petitioner, Gerard Remington, be given a public reprimand, and this opinion shall constitute such a reprimand.

Langdon, J., Curtis, J., Seawell, J., Waste, C. J., and Thompson, J., concurred.